IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANIEL LEE CINKOSKI                                                                                    PLAINTIFF

v.                              Civil No. 2:23-CV-02065-TLB

DR. WEATHERINGTON,                                                                              DEFENDANT
Psychiatrist/Western Arkansas Guidance and
Counseling Center

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915(e)(2). Under this provision, the Court is required to screen any complaint in which a Plaintiff seeks to proceed *in forma pauperis*.

### I.  BACKGROUND

Plaintiff filed his Complaint on May 16, 2023. (ECF No. 1). This Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") on May 17, 2023. (ECF Nos. 2, 4). Plaintiff currently resides in the Sebastian County Retirement Center. (ECF No. 1 at 6). The sole Defendant in the case, Dr. Weatherington, is identified as a Psychiatrist at Western Arkansas Guidance and Counseling. (*Id*. at 2). Plaintiff alleges that Dr. Weatherington violated his Eighth and Fourteenth Amendment rights in February or March of this year. (*Id*. at 5). Specifically, Plaintiff alleges that Dr. Weatherington discontinued his prescription for Clonazepam without an adequate evaluation. (*Id*.). Plaintiff alleges a previous mental health provider in Jonesboro had prescribed Clonazepam at .5 mg to be taken three times daily for "PTSD and mood d/o that harms and damages my eyes."

1

(*Id*.). When Plaintiff spoke to Dr. Weatherington about the change, he alleges Weatherington told him the drug was not indicated for his condition. (*Id*. at 5-6). Plaintiff alleges he then spoke to Dr. Laster at the Laster Eye Center. (*Id*. at 6). Plaintiff also allegedly spoke to Dr. Richy, the primary care physician for the Sebastian County Retirement Center, who stated he only had a few patients on Clonazepam, and he did not want to prescribe something against Dr. Weatherington's recommendation. (*Id*.). Richy offered a prescription for Visteril, which Plaintiff states makes his eyes "worse." (*Id*.). Plaintiff alleges he is suffering from "issues with his eyes," panic, heart palpitations, and "other symptoms" because he has not received his Clonazepam for almost three months. (*Id*. at 8). Plaintiff does not state how PTSD or a mood disorder, both mental impairments, causes harm or damage to his eyes, nor does he identify what eye issue was caused by the cessation of Clonazepam.

Plaintiff seeks a preliminary hearing for injunctive relief. He also asks that he be evaluated by an "unindifferent psychiatrist," that he receives the best possible eye care, a referral to a neurologist to alleviate any damage caused to his eyes, the best possible eyeglasses, and for Dr. Wetherington to pay for this medical care. (*Id*. at 7).

## II.     LEGAL STANDARD

Under § 1915(e)(2), the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to

vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   ANALYSIS

#### A.   No State Actor

Based on Plaintiff's Complaint, Plaintiff voluntarily resides in the Phase 1 section of the Sebastian County Retirement Center, a privately-owned residential facility.[1] He identifies Defendant Weatherington as a psychiatrist employed by Western Arkansas Guidance and Counseling Center. Western Arkansas Guidance and Counseling is a private, non-profit community healthcare provider.[2]

"Section 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

---

[1] Available at http://sbprofessionalmanagment.greaterinnovation.com/?q=node/12 (last accessed May 17, 2023).
[2] Available at https://wacgc.org/ (last accessed May 17, 2023).

"[P]rivate conduct, no matter how egregious, discriminatory, or harmful, is beyond the reach of § 1983." *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007).

Here, Plaintiff's allegations describe a private citizen being treated by a private psychiatrist while residing in a private retirement facility. Nothing in these allegations permits the inference that Dr. Weatherington is a state actor.

### B.    Medical Malpractice

Even assuming, *arguendo*, that Dr. Weatherington is a state actor, Plaintiff's allegation fails to state a claim upon which relief may be granted. Plaintiff's allegations, at most, describe a possible medical malpractice/negligence claim. Mere negligence or medical malpractice is insufficient to rise to the level of a constitutional violation. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citation omitted). Thus, Plaintiff's allegations against Dr. Weatherington fail to state a plausible claim under § 1983 and his Complaint is subject to dismissal.

### IV.    CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of May 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE